UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 19-CV-3149 (EK) (RER)

———————————

Yingcai Hong,

Plaintiff,

versus

Mito Asian Fusion, Inc. d/b/a Mito Asian Fusion, Yi Chen, Wei Chen, and Yong Chen.

Defendants.

———————————

**Report & Recommendation**
March 27, 2020

———————————

To The Honorable Eric Komitee
United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Yingcai Hong ("Hong" or "Plaintiff") brings this action on behalf of himself and other similarly situated non-managerial employees of Defendants Mito Asian Fusion, Inc. ("Mito Asian Fusion"), Yi Chen, Wei Chen, and Yong Chen (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL"), § 650 *et seq.* (Dkt. No. 1 ("Compl.")). Plaintiff moves to conditionally certify a collective action and to distribute notice to the putative collective pursuant to FLSA § 216(b). (Dkt. No. 18 ("Pl.'s Mot. to Certify")). Defendants oppose the motion. (Dkt. No. 21

1

(Defs.' Mem. in Opp'n)). The Honorable LaShann DeArcy Hall referred this motion to me for a report and recommendation. (ECF Order dated 1/22/2020). The case was subsequently reassigned to Your Honor. (Dkt. Entry dated 3/2/2020). For the reasons discussed below, I respectfully recommend Plaintiff's motion for conditional certification be denied without prejudice.

## BACKGROUND

Defendant Mito Asian Fusion is a restaurant in Forest Hills, New York owned and operated by Defendant Wei Chen and managed by Defendants Yi Chen and Yong Chen. (Dkt. No. 14 ("Answer") ¶¶ 4, 8; Compl. ¶ 7). Plaintiff was employed by Mito Asian Fusion as a deliveryman from approximately November 2018 to April 2019. (Answer ¶ 4; Compl. ¶ 7). Plaintiff alleges two violations of the FLSA: (1) he was not paid the minimum wage, and (2) he was not paid overtime. (Compl. Counts I and III).

## DISCUSSION

The FLSA permits employees to assert claims on behalf of other similarly situated employees. 29 U.S.C. § 216(b). In the Second Circuit, certifying a collective action is a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). Plaintiff's current motion only concerns "[t]he first step, called conditional certification." *Jenkins v. TJX Companies, Inc.*, 853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012). If conditional certification is granted, the putative collective members are then noticed. *Id.*

Conditional certification requires the plaintiffs demonstrate by "'a modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). In determining whether the plaintiff has met his burden, the court only "looks to the pleadings and submitted affidavits" and does not "resolve factual disputes, decide

2

substantive issues going to the ultimate merits, or make credibility determinations." *Yu Zhang v. Sabrina USA Inc.*, No. 18-CV-12332 (AJN) (OTW), 2019 WL 6724351, at *2 (S.D.N.Y. Dec. 20, 2019) (quoting *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012)). "[A]llegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI) (MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (quoting *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)) (collecting cases).

In support of his motion, Plaintiff submits only one affidavit. (Dkt. No. 19-4 ("Hong Aff.")). The standard for conditional certification is low and a single affidavit can suffice in some cases. *Hernandez v. Bare Burger Dio Inc.*, No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases). However, in this instance, it is not the number of the affidavits, but rather "'the quality of the plaintiff's evidence'" that poses a problem. *Reyes v. Nidaja, LLC*, No. 14 Civ. 9812 (RWS), 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2015) (quoting *Qi Zhang v. Bally Produce, Inc.*, No. 12-CV-1045 (FB) (JMA), 2013 WL 1729274, at *3 (E.D.N.Y. Apr. 22, 2013)).

Plaintiff provides some factual support of FLSA violations against himself and one other employee, "Oil Wok Chen."[1] However, Plaintiff's evidence is insufficient to certify a conditional collective of *all* non-managerial Mito Asian Fusion employees. Plaintiff adequately attests that he was paid less than both the federal and New York state minimum wages, (Hong Aff. ¶¶ 4, 6, 9), and denied overtime pay (*Id.* ¶ 10). While Plaintiff attests that one other employee, "Oil Wok Chen," disclosed to Plaintiff that he made $2,600 per month while working sixty-eight hours per

---

[1] Chen was the Oil Wok at Mito Asian Fusion during Plaintiff's employment. (Hong Aff. at 5). Plaintiff did not learn Chen's first name and refers to him throughout the pleadings as "Oil Wok Chen."

week,[2] (Hong Aff. ¶¶ 48, 26), this evidence is not enough to demonstrate "a common scheme impacting the diverse array of employees covered in his Complaint." *Mata v. Foodbridge LLC*, No. 14 Civ. 8754 (ER), 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015).

"To ascertain whether plaintiffs are similarly situated, district courts typically examine whether '[plaintiffs] and other employees have similar positions, job requirements, pay provisions, and the like; there must be an identifiable factual nexus which binds [plaintiffs] and potential class members together as victims of a particular practice.'" *Jing Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642 (WFK) (ST), 2016 WL 11263668, at *6 (E.D.N.Y. Nov. 23, 2016), *R&R adopted by* 2017 WL 1216571 (Mar. 30, 2017) (quoting *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014)). Here, Plaintiff provides no evidence that he had a similar position, job requirements, pay provisions, or other factors that might bind himself with either Oil Wok Chen or all other non-managerial employees in a potential collective.

Indeed, Plaintiff seeks to conditionally certify a putative collective of *all* non-managerial employees at Mito Asian Fusion. (Dkt. No. 20 ("Pl.'s Mem. in Supp.") at 7). Yet other than himself and Oil Wok Chen, Plaintiff fails to allege any other facts that could allow the Court to infer Defendants maintained a common policy to violate the FLSA. While identifying other employees, their job titles, and hours worked, at no time does the Plaintiff assert that these other employees were not paid the minimum wage or overtime in violation of the FLSA. For example, Plaintiff describes a conversation he had with one of the Fry Woks, Lao Da, in which Lao Da told him that "employees at Mito Asian Fusion left because of the low pay, and that he was leaving because of

---

[2] In his Memorandum in support of his Motion for Conditional Certification, Plaintiff argues Oil Wok Chen's wage falls "below the state minimum wage and is close to the federal minimum wage." (Dkt. No. 20 ("Pl.'s Mem. in Supp.") at 8). "Where a state's minimum wage is higher than the federal minimum wage, the state's minimum wage must be paid by the employer to satisfy FLSA's minimum wage requirement." *Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-CV-7439 (FB) (SJB), 2018 WL 4101844, at *4 (E.D.N.Y. Aug. 7, 2018), *R&R adopted b*y 2018 WL 4100480 (Aug. 28, 2018).

his stagnant and flat monthly wages." (Hong Aff. ¶ 57). Yet merely being unsatisfied with one's wage or allegations of turnover due to low wages is not itself indicative of an FLSA violation. Similarly, Plaintiff describes how the five sushi chefs who worked at Mito Asian Fusion worked approximately sixty-eight hours per week, like him. (Hong Aff. ¶ 30). However, Plaintiff fails to provide any information about the amount the sushi chefs were paid or whether they were paid overtime. (Hong Aff. ¶¶ 29–38). The only information about the sushi chefs' wages that Plaintiff offers is that they "were paid half in cash and half in check." (Hong Aff. ¶ 31). This practice—without an allegation that the Defendants did not pay overtime or that they paid the sushi chefs below the minimum wage—is insufficient evidence from which a court could extrapolate an FLSA violation. In fact, Plaintiff attests that some of the employees in the proposed putative collective *were* paid overtime. (Hong Aff. ¶ 68).

Without more, such allegations are insufficient to conditionally certify a collective of all non-managerial employees. *See, e.g., Lijun Geng v. Shu Han JU Rest. II Corp.*, No. 18 Civ. 12220 (PAE) (RWL), 2019 WL 4493429, at *12–13 (S.D.N.Y. Sept. 9, 2019). As noted previously, courts in the Second Circuit require "[a] plaintiff [to] provide some actual evidence of a factual nexus between him and the rest of the collective he seeks to represent; conclusory allegations will not suffice." *Reyes*, 2015 WL 4622587 (collecting cases). Here, not only does Plaintiff fail to provide sufficiently specific assertions about other individuals who suffered from the same FLSA violations, but he even fails to make any general or conclusory statement that other employees suffered such violations.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the motion for conditional certification be denied without prejudice. Any objections to the recommendations made in this

Report must be filed with the Clerk of the Court and the Honorable Eric Komitee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

      RESPECTFULLY RECOMMENDED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: March 27, 2020
Brooklyn, NY