UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

YINGCAI HONG, individually and on
behalf of others similarly situated,

                     Plaintiff,

           -against-

MITO ASIAN FUSION, INC. et al.,

                     Defendants.

--------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-3149 (EK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiff Yingcai Hong initiated this action against Defendants Mito Asian Fusion, Inc., Yi Chen, Wei Chen, and Yong Chen ("Defendants") on May 29, 2019. (Complaint ("Compl."), ECF No. 1.) Plaintiff alleges various claims, including violations of the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.* ("FLSA") and New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.*[1]

      On December 10, 2020, Plaintiff filed a Motion to Amend/Correct/Supplement Plaintiff's Complaint ("Pl.'s Mot. to Amend"), an Affidavit/Declaration in Support of Plaintiff's Motion to Amend ("Aff./Decl. in Supp."), and a Memorandum in Support of Plaintiff's Motion to Amend ("Mem. in Supp."). (ECF No. 29; ECF No. 30; ECF No. 31.) Magistrate Judge Ramon E. Reyes, Jr. held a final pretrial conference on December 17, 2020. (Dec. 17, 2020 ECF Minute Entry.) During the conference, Judge Reyes observed

---

[1] Although Plaintiff's Complaint is styled as a collective action under the FLSA and NYLL (*see* Compl., ECF No. 1, ¶¶ 49–58), District Judge Eric R. Komitee denied Plaintiff's motion to conditionally certify a collective action on Sept. 28, 2020. (Sept. 28, 2020 Mem. and Order, ECF No. 27.)

that discovery was complete and stated that Plaintiff's Motion to Amend would be decided once the opposition and reply were filed. (*Id.*) Defendants filed an Affidavit/Declaration ("Aff./Decl. in Opp.") and a Memorandum in Opposition ("Mem. in Opp.") to Plaintiff's Motion to Amend on December 29, 2020. (ECF No. 32; ECF No. 33.) Plaintiff filed a Reply in Support of Plaintiff's Motion to Amend ("Reply in Supp.") on December 30, 2020. (ECF No. 34.) On June 4, 2021, the case was reassigned to the undersigned Magistrate Judge. For the reasons set forth below, Plaintiff's proposed amendments meet the standard for amending a complaint. Plaintiff's Motion to Amend is granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As set forth in the Complaint, Plaintiff alleges that Defendants hired him to work at their restaurant as a deliveryman from November 14, 2018, to February 15, 2019, and again from March 1, 2019, to April 8, 2019. (Compl., ECF No. 1, ¶ 32.) Plaintiff claims that every week during these time periods, he worked sixty-eight hours a week. (*Id.* ¶¶ 33, 35.) Plaintiff alleges that Defendants paid him a flat rate of $720.00 every two weeks for his work. (*Id.* ¶ 38.) Plaintiff thus contends that Defendants failed to pay him the New York minimum wage for each hour worked and the required overtime compensation of one and one-half times (1.5x) his regular rate of pay for time in excess of forty hours a week. (*Id.* ¶¶ 24–25.) Plaintiff also contends that Defendants failed (1) to provide him with a Time of Hire Notice reflecting true rates and dates of pay, and paystubs with adequate information, and (2) to post the required New York State Department of Labor notices regarding wage information. (*Id.* ¶¶ 28, 29, 31.)

According to the Complaint, Defendant Mito Asian Fusion, Inc. ("Corporate Defendant") is a domestic business corporation organized under the laws of the State of New York. (*Id.* ¶ 8.) Plaintiff avers that the individual defendants named in the

2

Complaint are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant, who are individually responsible for unpaid wages under Section 630(a) of the New York Business Corporation Law and Section 609(c) of the New York Limited Liability Company Law. (*Id.* ¶ 11.) Plaintiff also claims that all three of the currently-named individual defendants had the following powers and responsibilities: (1) the power to hire and fire employees, (2) supervision and control of employee work schedules or conditions of employment, (3) determining the rate and method of payment for employees, and (4) maintaining employee records. (*Id.* ¶¶ 12, 15, 18.)

On December 10, 2020, Plaintiff filed the instant Motion to Amend and accompanying documents.[2] (ECF No. 29; ECF No. 30; ECF No. 31.) In his motion, Plaintiff requests leave to add Yilei Cao and Changxi Zou ("Proposed Defendants") to the Complaint. (Proposed Am. Compl. (redlined), ECF No. 30-1.) Plaintiff's motion also seeks permission to add details about the Proposed Defendants' alleged status as employers and their alleged intentional and malicious actions, which, if true, could make them jointly and severally liable. (*Id.* ¶¶ 27–35.) Defendants object to Plaintiff's Motion to Amend on the grounds that the proposed amendments are futile and would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Mem. in Opp., ECF No. 33, at 1.)

For the reasons stated below, the Court grants Plaintiff's Motion to Amend.

---

[2] The filings show that Plaintiff's counsel emailed defense counsel on November 24, 2020, seeking consent to file an amended complaint. (Aff./Decl. in Supp., ECF No. 30, ¶ 13 (citing Email Exchange Between Counsel, ECF No. 30-4).) Defense counsel did not consent. (*Id.*)

3

# DISCUSSION

I. <u>Legal Standards</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As a general rule, if the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (citation omitted). If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure also applies. *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (citing *Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012)). The "showing necessary under Rule 21 is the same as that required under Rule 15(a)." *Id.*

A motion to amend a pleading should be denied "if there is an 'apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment.'" *Dluhos v. Floating and Abandoned Vessel Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants in this case contend that the proposed amendments are futile. (Mem. in Opp., ECF No. 33, at 2.) The Court disagrees.

II. <u>Futility of the Proposed Amendments</u>

An amended pleading is futile if it cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *Puchalski v. FM Constr., Inc.*, No. 18-CV-1596 (SJB), 2020 WL 6727777, at

4

\*11 (E.D.N.Y. Nov. 16, 2020); *Nicolosi v. BRG Sports, Inc.*, No. 16-CV-2910 (SJ) (CLP), 18-CV-1452 (SJ) (CLP), 2019 WL 5695852, at \*4 (E.D.N.Y. Aug. 21, 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has 'facial plausibility' when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* In considering a motion to dismiss under Rule 12(b)(6), "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (alteration in original) (quoting *Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

      Whether or not the Proposed Amended Complaint in this case will survive a motion to dismiss hinges largely on a question of fact, namely, whether an employment relationship existed between Plaintiff and the Proposed Defendants for the purposes of liability under the FLSA and NYLL. Under the FLSA and NYLL, a plaintiff who sues a corporate employer may assert claims against individuals affiliated with the corporate employer (by employment or ownership) if those individuals possess sufficient authority or control in the corporation to be deemed the plaintiff's "employer" under the law. *See Piedra v. Ecua Rest., Inc.*, No. 17-CV-3316 (PKC) (CLP), 2018 WL 1136039, at \*7 (E.D.N.Y. Jan. 31, 2018). "Employer" is defined under the FLSA as any person who acts "directly or indirectly in the interest of an employee in relation to an employee." 29 U.S.C. § 203(d). The definition of "employer" under the FLSA has been consistently applied coextensively with the definition of "employer" under the NYLL. NYLL §§ 190(3) & 651(6); *see also Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015).

In determining whether an employment relationship existed under the FLSA, courts evaluate the "economic reality" of the relationship. *See Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961); *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). The Second Circuit has held that, in evaluating joint employment arrangements, the determination as to who comprises an employer "is to be based on 'the circumstances of the whole activity,'" and a district court is "free to consider any other factors it deems relevant to its assessment of the economic realities." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71–72 (2d Cir. 2003) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). Moreover, as the Second Circuit has observed, "the remedial nature of the [FLSA] . . . warrants an expansive interpretation of its provisions so that they will have the widest possible impact in the national economy." *Irizarry*, 722 F.3d at 110 (alterations in original) (internal quotation marks and citation omitted).

Of particular relevance here, courts have found that ownership in a closely held corporation strongly suggests an employer-employee relationship under the FLSA.[3] *See Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 459 (E.D.N.Y. 2014) (finding, in the context of granting leave to amend, that the plaintiffs had satisfactorily alleged FLSA claims against three individual defendants who jointly owned the corporate defendant and thus had power over the corporation's day-to-day operations); *Apolinar v. Global*

---

[3] The economic reality that owners tend to have control over the employees of closely held corporations is also reflected in New York law, which provides that the ten largest shareholders of a corporation shall "jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees . . . for services performed by them for such corporation." N.Y. Bus. Corp. Law § 630(a). As Judge Scanlon has observed, this provision of New York law ensures that "[t]hose who benefit from the underpaid labors of their employees may not be relieved of liability; instead, they may be held personally liable." *Apolinar v. Global Deli & Grocery, Inc.*, No. 12-CV-3446 (RJD) (VMS), 2013 WL 5408122, at *5 (E.D.N.Y. Sept. 25, 2013) (case caption modified to correct typographical error). The majority shareholder, Wei Chen, is already named in the Complaint. The Proposed Defendants are the other two shareholders of the Corporate Defendant. (2019 Schedule K-1, ECF No. 34-3.)

6

*Deli & Grocery, Inc.*, No. 12-CV-3446 (RJD) (VMS), 2013 WL 5408122, at *4 (E.D.N.Y. Sept. 25, 2013) (case caption modified to correct typographical error) ("The allegation that [the individual defendant] was a principal of Global suggests that he possessed control over it and its employees."); *Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL 3153150, at *3 (W.D.N.Y. Sept. 30, 2009) ("Thus, individual defendants, such as corporate officers, owners or shareholders, have been held to be employers under FLSA.") (citations omitted). Indeed, "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Slamna v. API Restaurant Corp.*, No. 12-CV-757 (RWS), 2012 WL 2979067, at *3 (S.D.N.Y. July 20, 2012) (quoting *Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002)).

In addition, the Second Circuit has set out four factors that can demonstrate formal control by an employer: "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984) (internal citations omitted).

Analyzing Plaintiff's allegations as to the Proposed Defendants, the Court finds that they are sufficient to establish facially plausible claims under the FLSA and NYLL. As a threshold matter, Plaintiff alleges that the Proposed Defendants gained an ownership interest in the Corporate Defendant on January 1, 2019, during Plaintiff's employment. (Reply in Supp., ECF No. 34, at 2; 2019 Schedule K-1, ECF No. 34-3; Aff./Decl. in Supp., ECF No. 30, ¶¶ 9–10.) In addition, as discussed below, Plaintiff has alleged sufficient facts to infer that the Proposed Defendants had the functional power

7

to hire and fire employees, to supervise and control employee work schedules, and to set wage rates for employees. In sum, Plaintiff's allegations raise questions of fact as to whether the Proposed Defendants exerted influence on the Corporate Defendant's operations such that their decisions "directly affect[ed] the nature or conditions of the employees' employment" and whether they possessed control over the company's actual operations in a manner that related to Plaintiff's employment. *See Irizarry*, 722 F.3d at 110; *see also Lu v. Nisen Sushi of Commack, LLC*, No. 18-CV-7177 (RJD) (ST), 2020 WL 9814084, at *5 (E.D.N.Y. Mar. 14, 2020). Plaintiff's Proposed Amended Complaint is thus likely to survive a motion to dismiss.[4]

### A. Proposed Individual Defendant Yilei Cao

Yilei Cao's ownership in the Corporate Defendant, a closely held corporation with only three shareholders, strongly suggests that Mr. Cao and Plaintiff had an employer-employee relationship under the FLSA and NYLL. The Proposed Amended Complaint alleges: "YILEI CAO owned throughout all times relevant to this lawsuit, and currently owns, 25% of the shares of MITO ASIAN FUSION, INC. d/b/a Mito Asian Fusion." (Proposed Am. Compl. (redlined), ECF No. 30-1, ¶ 28.) The ownership allegation, for

---

[4] The Court notes that Plaintiff's Motion to Amend is the first such motion and that it was filed before the December 15, 2020 discovery deadline, shortly after Plaintiff learned information on which he relies in support of the proposed amendments. (*See* Pl.'s Mot. to Amend, ECF No. 29; Nov. 2, 2020 Order.) Plaintiff's counsel deposed Defendant Wei Chen on November 16, 2020, and in his deposition, Defendant Chen described the Proposed Defendants and their responsibilities at the Corporate Defendant. (Aff./Decl. in Supp., ECF No. 30, ¶¶ 6, 9–10.) Plaintiff's counsel deposed the other two defendants, Yi Chen and Yong Chen, on November 24, 2020, and on that same day, Plaintiff's counsel emailed defense counsel seeking his consent to amend the Complaint. (*Id.* ¶¶ 12–13.) Plaintiff's counsel's actions show that he was acting reasonably expeditiously, and that the proposed amendment is not a dilatory tactic but rather, a reasonable reaction to new information gathered through depositions. *See, e.g., Dawson v. Pelican Mgmt.*, No. 11-CV-1753 (KAM) (LB), 2012 WL 2357308, at *3 (E.D.N.Y. June 1, 2012) (motion to amend to add new parties made eleven days before discovery deadline granted in part and denied in part). This is also not a case plagued by undue delay and repeated failure to cure deficiencies by amendments previously allowed. (*See generally* Mem. in Supp., ECF No. 31, at 5–6; Mem. in Opp., ECF No. 33, at 1–2.)

8

which Plaintiff has provided evidence (*see* 2019 Schedule K-1, ECF No. 34-3), offers "facial plausibility" for a claim of individual liability on the part of Mr. Cao. The plausibility of an individual liability claim against Mr. Cao is even stronger when his role at the restaurant is considered against the *Carter* factors.

Starting with the first *Carter* factor, during Plaintiff's employment, Mr. Cao was the head of the sushi department and had the authority to hire and fire employees for that department. (*See* Wei Chen Dep., ECF No. 30-3, 29:17–20.)[5] Under the second *Carter* factor, during Plaintiff's employment, Mr. Cao made schedules for employees in the sushi department. (*See* Wei Chen Dep., ECF No. 30-3, 29:22–35; Pl.'s Dep., ECF No. 32-1, 25:24–26:5.) Additionally, Mr. Cao did some direct supervision over Plaintiff. (Pl.'s Dep., ECF No. 32-1, 24:18–20.) According to Plaintiff, Mr. Cao gave Plaintiff instructions more than once a week. (*Id.*, 26:16–27:7.)[6] Under the third *Carter* factor, during Plaintiff's employment, Mr. Cao set wage rates for employees in the sushi department. (*See* Wei Chen Dep., ECF No. 30-3, 29:37–40.) As to the fourth *Carter* factor, there is no allegation that Mr. Cao maintained employment records and Plaintiff's counsel concedes that Mr. Cao meets only three of the four *Carter* factors. (Mem. in Supp., ECF No. 31, at 6.) As discussed above, however, the *Carter* factors are not dispositive of an employment relationship under the FLSA. *Fernandez v. HR Parking, Inc.*, 407 F. Supp. 3d 445, 456

---

[5] While a court typically examines only the allegations of a pleading on a motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citation omitted); *see also Panther Partners Inc. v. Ikanos Comm'cns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009) ("[C]ourts may consider all possible amendments when determining futility."). The statements in the depositions of Wei Chen and Plaintiff provide specific facts beyond conclusory statements.

[6] The Proposed Amended Complaint contains the following allegation as to Mr. Cao's control over Plaintiff: "YILEI CAO gave Plaintiff tasks to do, including orders to deliver, from time to time, especially when the restaurant was busy." (Proposed Am. Compl. (redlined), ECF No. 30-1, ¶ 30.)

9

(S.D.N.Y. 2019) (citing *Zheng*, 355 F.3d at 79; *Grenawalt v. AT&T Mobility LLC*, 642 F. App'x 36, 37 (2d Cir. 2016) (summary order)). Here, allegations of facts sufficient to satisfy three of the four *Carter* factors strongly suggest that Mr. Cao was in a position of authority and control at the restaurant and had functional influence over its day-to-day operations. *See Mendez,* 2 F. Supp. 3d at 459. Plaintiff has thus established "facial plausibility" of the existence of an employer-employee relationship under the FLSA as to Mr. Cao.

Defendants argue that although Mr. Cao had control over the sushi department, Plaintiff was not a member of the sushi department and therefore, Mr. Cao's control over the sushi department does not weigh in favor of finding an employment relationship with Plaintiff. (Mem. in Opp., ECF No. 33, at 8.) However, to be considered an "employer" under the FLSA, an individual does not need to be responsible for personally managing plaintiff employees or even directly come into contact with the plaintiffs, their workplaces, or their schedules. *Irizarry*, 722 F.3d at 110; *see also Draskovic v. Oneota Assocs., LLC*, No. 17-CV-05085 (ARR) (JO), 2019 WL 783033, at *8 (E.D.N.Y. Feb. 21, 2019) (finding genuine dispute of fact as to whether an owner-manager who regularly instructed plaintiff in his work could be considered an employer). Rather, the *Carter* court found that substantial control over the employee was enough to meet the employer-employee standard under the FLSA. *Carter*, 735 F.2d at 12 ("It runs counter to the breadth of the statute and to the Congressional intent to impose a qualification which permits an employer who exercises substantial control over a worker, but whose

10

hiring decisions occasionally may be subjected to a third-party's veto, to escape compliance with the Act.").[7]

Assuming the allegations in the Proposed Amended Complaint are true, as the Court must in this context, the allegations indicate that Mr. Cao was a co-owner of the restaurant with only three shareholders, and that he had the authority to give Plaintiff instructions on a regular basis. The allegations are sufficient to infer that Mr. Cao had a degree of operational control over the restaurant and over Plaintiff to create an employer-employee relationship under the FLSA. (*See* Pl.'s Dep., ECF No. 32-1, 26:16–27:7.)

### B. Proposed Individual Defendant Changxi Zou

Similar to Yilei Cao, Changxi Zou's ownership in the Corporate Defendant strongly suggests that Mr. Zou and Plaintiff had an employer-employee relationship under the FLSA and NYLL. The Proposed Amended Complaint contains the following allegation: "CHANGXI ZOU owned throughout all times relevant to this lawsuit, and currently owns, 10% of the shares of MITO ASIAN FUSION, INC. d/b/a Mito Asian Fusion." (Proposed Am. Compl. (redlined), ECF No. 30-1, ¶ 32.) The plausibility of an individual liability claim against Mr. Zou is amplified by an analysis of the *Carter* factors.

---

[7] Defendants argue that Plaintiff's proposed amendments are conclusory in nature and merely parrot the *Carter* factors. (Mem. in Opp., ECF No. 33, at 6.) Courts have found that even when a complaint includes claims that appear conclusory, those allegations may still meet the well-pleaded complaint standard in the FLSA context. *See Piedra*, 2018 WL 1136039, at *3, 7, 9 (finding that allegations in a plaintiff's FLSA complaint that the defendants made decisions about employees' salaries, seemingly parroting a *Carter* factor, were not conclusory and met the well-pleaded complaint standard). This is not a case of mere "parroting." As noted above, Plaintiff did include specific facts, such as his claim that "YILEI CAO gave Plaintiff tasks to do, including orders to deliver, from time to time, especially when the restaurant was busy." (Proposed Am. Compl. (redlined), ECF No. 30-1, ¶ 30.)

Starting with the first *Carter* factor, Mr. Zou did not have the power to hire and fire employees during Plaintiff's employment; Mr. Zou gained that power in March 2020 when Mr. Zou became head chef after Plaintiff stopped working for the Corporate Defendant. (*See* Wei Chen Dep., ECF No. 30-3, 30:10, 70:4-32; Compl., ECF No. 1, ¶ 32.) Under the second *Carter* factor, however, during Plaintiff's employment, Mr. Zou was a chef in the kitchen and superior to Plaintiff, who was a deliveryman.[8] (*See* Proposed Am. Compl. (redlined), ECF No. 30-1, ¶ 33.) Mr. Zou was thus in a position to supervise and control conditions of Plaintiff's employment. Under the third *Carter* factor, Mr. Zou did not have the power to set wage rates for employees during Plaintiff's employment, but gained that power in March 2020 when he became head chef. (*See* Wei Chen Dep., ECF No. 30-3, 29:8–11, 30:10, 70:4–32; Compl., ECF No. 1, ¶ 32.) For the fourth *Carter* factor, there is no claim that Mr. Zou maintained employment records.

Defendants argue that any of Mr. Zou's powers and responsibilities that satisfy the *Carter* factors began after Plaintiff ended his employment with the Corporate Defendant and therefore, Mr. Zou did not have an employer-employee relationship with Plaintiff. (Mem. in Opp., ECF No. 33, 10–11.) Under the *Carter* factors, however, employer status does not require continuous monitoring of employees and control may be exercised only occasionally. *See Herman v. RSR Sec. Services*, 172 F.3d 132, 139 (2d Cir. 1999) ("[S]uch status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA.").

---

[8] Plaintiff's Proposed Amended Complaint alleges: "During the period of Plaintiff's employment, CHANGXI ZOU was a chef in the kitchen, under YI CHEN but superior to Plaintiff, who was a deliveryman." (Proposed Am. Compl. (redlined), ECF No. 30-1, ¶ 33.)

12

Moreover, although satisfying the *Carter* factors may be sufficient to establish employment under the FLSA, it is not necessary. *Fernandez,* 407 F. Supp. 3d at 456 (citing *Zheng*, 355 F.3d at 79; *Grenawalt*, 642 F. App'x at 37). As the Second Circuit has explained, "any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." *Herman*, 172 F.3d at 139 (citation omitted). Courts have looked at other factors that might signify an employer-employee relationship, including the economic realities discussed above. The Second Circuit has also looked at the defendant's awareness of the work a plaintiff was performing. *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d Cir. 1998) (citation omitted).

  The allegations that Mr. Zou was a co-owner of a business held by only three shareholders, while working as a chef in the same kitchen where Plaintiff worked as a deliveryman, are sufficient to reasonably infer that Mr. Zou and Plaintiff were in a functional employer-employee relationship. Given his role as a chef and, later as co-owner, a trier of fact could ultimately find that Mr. Zou had the authority and opportunity to supervise Plaintiff, give him orders, and that he was aware of Plaintiff's work. The allegations in the Proposed Amended Complaint as to Mr. Zou thus raise questions of fact, which render the proposed amendments not futile.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has alleged facts sufficient to state facially plausible claims against proposed defendants Yilei Cao and Changxi Zou, and that amendment of the complaint would not be futile. Accordingly, Plaintiff's Motion for leave to file an Amended Complaint is granted.

**SO ORDERED.**

Dated: Brooklyn, New York
August 9, 2021

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE