UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

YINGCAI HONG, individually and on
behalf of others similarly situated,

                        Plaintiff,

            -against-

MITO ASIAN FUSION, INC. et al.,

                        Defendants.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-3149 (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiff Yingcai Hong initiated this action against Defendants Mito Asian Fusion, Inc., Yi Chen, Wei Chen, and Yong Chen on May 29, 2019. (Complaint ("Compl."), ECF No. 1.) Plaintiff alleges various claims, including violations of the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.* ("FLSA") and New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.*[1] Following an amendment of the complaint, mediation, and the filing and review of a proposed partial settlement agreement, the parties' partial settlement was approved under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Plaintiff's counsel now seeks fees and costs. Defendants object to the amount sought. For the reasons set forth herein, Plaintiff's motion for fees and costs is granted in part.

---

[1] Although Plaintiff's complaint was originally styled as a collective action under the FLSA and NYLL (*see* Compl., ECF No. 1, ¶¶ 49–58), the Honorable Eric R. Komitee denied Plaintiff's motion to conditionally certify a collective action on September 28, 2020. (Sept. 28, 2020 Mem. and Order, ECF No. 27.)

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As set forth in the complaint, Plaintiff alleged that Defendants hired him to work at their restaurant as a deliveryman from about November 14, 2018, to February 15, 2019, and again from about March 1, 2019, to April 8, 2019. (Compl., ECF No. 1, ¶ 32.) Plaintiff claimed that, every week during these time periods, he worked sixty-eight hours a week. (*Id.* ¶¶ 33, 35.) Plaintiff alleged that Defendants paid him a flat rate of $720.00 every two weeks for his work. (*Id.* ¶ 38.) Plaintiff thus contended that Defendants failed to pay him the New York minimum wage for each hour worked and the required overtime compensation of one and one-half times (1.5x) his regular rate of pay for time in excess of forty hours a week. (*Id.* ¶¶ 24–25.) Plaintiff also contended that Defendants failed (1) to provide him with a notice at the time of hire reflecting true rates and dates of pay, and paystubs with adequate information, and (2) to post the required New York State Department of Labor notices regarding wage information. (*Id.* ¶¶ 28, 29, 31.)

Plaintiff thereafter filed a motion to amend the complaint to add two additional Defendants, Yilei Cao and Changxi Zou, which was granted on August 9, 2021. (Aug. 9, 2021 Mem. and Order, ECF No. 35.) Following a referral to mediation, the parties filed a letter advising the Court that they had reached a partial settlement in the case, as to the amount of damages to be paid to Plaintiff. (Partial Settlement Letter, ECF No. 47.) The parties did not reach an agreement on the amount of attorney's fees and costs. (*Id.*) The parties then filed a joint motion for settlement approval, as well as the proposed settlement agreement, pursuant to which Defendants agreed to pay Plaintiff $25,000.00. (Mot. for Settlement Approval, ECF No. 50; Settlement Agreement, ECF No. 50-1, at 2.) The Court subsequently held a hearing pursuant to *Cheeks*, at which the Court raised specific concerns about the terms of the parties' proposed settlement agreement and

2

encouraged the parties to attempt to reach an agreement as to the attorney's fees. (Aug. 18, 2022 Minute Entry and Order.) Following the *Cheeks* hearing, the parties submitted a stipulation amending the parties' settlement agreement, which addressed the Court's concerns regarding the terms of the settlement agreement itself, but they did not resolve the fee dispute.[2] (Stipulation, ECF No. 55.) The Court thereafter approved the parties' settlement as to Plaintiff. (Nov. 1, 2022 ECF Order.)

On December 23, 2022, Plaintiff's counsel filed a motion for attorney's fees, supported by a declaration by John Troy, Esq., and billing records, by which counsel "seeks $96,221.00 in fees and $4,431.80 in costs, for a total of $99,402.80."[3] (Decl. of John Troy ("Troy Decl."), ECF No. 62, ¶ 68; *see* Mot. for Attorney Fees, ECF No. 61.) In response, Defendants contended that the requested fees are "entirely unreasonable" and that they should be reduced "by a significant margin," and pointed out that Plaintiff failed to include detailed receipts for costs. (Defs.' Mem. of Law in Opp'n, ECF No. 65 ("Defs.' Mem."), at 1; *see id.* at 6.) In reply, Plaintiff submitted a supplemental memorandum, another invoice, and receipts for some of the costs. (Reply, ECF No. 66;

---

[2] In the meantime, the parties also consented to jurisdiction by the undersigned magistrate judge for all purposes. (*See* Consent to Jurisdiction, ECF Nos. 54, 56.)

[3] The Court notes that counsel's math does not add up. ($96,221.00 + $4,431.80 = $100,652.80.) The Court also notes that counsel's filings are inconsistent. For example, in the summary table detailing the counsel fees in Mr. Troy's declaration, the total fee is listed as $84,973.00. (Decl. of John Troy ("Troy Decl."), ECF No. 62, at 30.) There is also a discrepancy in counsel's filings regarding the number of hours being sought. (*Compare id.* ¶ 66 (stating that counsel's firm seeks 183.14 hours), *with id.* at 30 (including summary chart stating that 209.26 hours were expended, but including hours by each billing professional that equal 183.14).) The final invoice submitted together with Plaintiff's reply memorandum provides a third set of numbers, indicating 187.64 billable hours, for a total attorney's fee of $86,648.00. (Dec. 23, 2022 Invoice, ECF No. 66-1.) Although courts are not to act as "green-eyeshade accountants" when evaluating fee requests, the Court is of course permitted to "properly calculate" items in the record. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 601 (2d Cir. 2020) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). In the final analysis, these inconsistencies are irrelevant to the Court's ultimate determination because, for the reasons set forth below, the amount of attorney's fees and costs that will be awarded is less than counsel's request.

Reply Mem., ECF No. 67.) In the reply memorandum, Plaintiff's counsel agreed to reduce the requested hourly rate for Mr. Troy for certain types of work (e.g., preparing interrogatories and engaging in document production). (Reply Mem., ECF No. 67, at 4.) In the updated invoice, Plaintiff lists billable hours totaling $86,648.00, and expenses of $5,016.80, for a total of $91,664.80. (Dec. 23, 2022 Invoice, ECF No. 66-1, at 8–9.) For the reasons set forth herein, the Court grants Plaintiff's motion for attorney's fees and costs in part.

DISCUSSION

I.  **Legal Standards**

  A.  **The FLSA and NYLL**

Under both the FLSA and the NYLL, a prevailing plaintiff is entitled to an award of "reasonable" attorney's fees. *See* 29 U.S.C. § 216(b); NYLL § 663(1). As the Second Circuit observed in *Fisher v. SD Protection Inc.*, "[a]ttorneys' fees and costs in FLSA actions generally arise in three contexts." 948 F.3d 593, 600 (2d Cir. 2020). They arise following a ruling in favor of the plaintiff, in the context of a negotiated settlement, and, of relevance here, "following a settlement where the settlement agreement reserves the questions of fees and costs for the court to decide." *Id.* at 600–01. The *Fisher* court further observed that the primary goal of the FLSA's fee shifting provisions is to provide compensation for counsel sufficient to ensure that plaintiffs in "run of the mill FLSA actions" are not left without legal recourse. *Id.* at 603–04 (quotation marks omitted). Finding that a district court's modification of the settlement agreement and reduction of the fee in an FLSA case was an abuse of discretion, the *Fisher* court observed that "[i]n most FLSA cases, it does not make sense to limit fees to 33% of the total settlement" and that "[n]either the text nor the purpose of the FLSA . . . supports imposing a proportionality limit on recoverable attorneys' fees." *Id.* at 603. Such an approach would

4

be "inconsistent with the remedial goals of the FLSA," which is a "'uniquely protective statute.'" *Id.* (quoting *Cheeks*, 796 F.3d at 207). Accordingly, the court emphasized that "a fee may not be reduced merely because the fee would be 'disproportionate to the financial interest at stake in the litigation.'" *Fisher*, 948 F.3d at 604 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

Here, the parties' settlement agreement expressly states that "[i]t is understood between all parties that the [settlement payments] do not include attorneys' fees, which shall be paid to Plaintiff in an amount [to be] determined by the Court." (Settlement Agreement, ECF No. 50-1, ¶ 3.) The agreement further provides that Plaintiff's counsel will submit an application for fees to the Court, and that "Defendants shall not contest Plaintiff's right to attorneys' fees as a prevailing party in this action and agree to pay the amount of attorneys' fees ultimately determined by the Court." (*Id.* ¶ 4.) Accordingly, there is no dispute here that Plaintiff is entitled to fees and costs. Defendants vigorously argue, however, that Plaintiff's request is unreasonable. (*See* Defs.' Mem., ECF No. 65.) Specifically, as further detailed below, Defendants contend that the hourly rates sought and the number of hours billed are excessive and unreasonable. (*See generally id.*)

B. **Reasonable Attorney's Fees**

Courts have broad discretion in determining a reasonable attorney's fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). The method for determining reasonable fees in this circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill*, 522 F.3d at 186 n.3, 190. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in

which the reviewing court sits. This is known as the "forum rule." *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009) (recounting history of the forum rule).

Once a court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended in order to determine the presumptively reasonable fee. *See Arbor Hill*, 522 F.3d at 190; *id.* at 183 ("[T]he district court should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar' — what we think is more aptly termed the 'presumptively reasonable fee . . . .'"); *see also Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" (quoting *Arbor Hill*, 522 F.3d at 183)). To calculate the presumptively reasonable fee, the court is to look at what a reasonable, paying client would be willing to pay, "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190; *see also Simmons*, 575 F.3d at 174 (observing that the presumptively reasonable fee is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively" (quotation marks omitted)).

With very limited exceptions, "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983); *see also Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 127–28 (E.D.N.Y. 2013). The court must review these time records and the hours an attorney billed in order to determine reasonableness and, in doing so, should examine the value of the work product and "exclude excessive, redundant or otherwise unnecessary hours." *Concrete Flotation Sys., Inc. v. Tadco Constr. Corp.*, No. 07-CV-319

6

(ARR) (VVP), 2010 WL 2539771, at *5 (E.D.N.Y. Mar. 15, 2010) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 2009)), *report and recommendation adopted*, 2010 WL 2539661 (E.D.N.Y. June 17, 2010). "[A] fee award should be based on scrutiny of the unique circumstances of each case[.]" *McDaniel v. County of Schenectady*, 595 F.3d 411, 426 (2d Cir. 2010) (quotation marks omitted). In lieu of an itemized reduction, the Court may also make an across-the-board percentage reduction. *See Guauque Castiblanco v. Don Alex Peru, Inc.*, No. 20-CV-2235 (MKB) (RML), 2021 WL 4755701, at *10 (E.D.N.Y. Aug. 20, 2021).

In the FLSA context, "[r]ecent decisions within the Eastern District of New York approved hourly rates of $300 to $450 for partners, $200 to $300 for senior associates, and $100 to $200 for junior associates, and $70 to $100 for support staff." *Bin Gao v. Jian Song Shi*, No. 18-CV-2708 (ARR) (LB), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (collecting cases), *report and recommendation adopted sub nom. Bin Gao v. ABC Corp.*, 2021 WL 1946322 (E.D.N.Y. May 15, 2021); *see also Won v. Gel Factory, Corp.*, No. 20-CV-5269 (EK) (ARL), 2022 WL 903121, at *8 (Jan. 25, 2022) (observing, in an FLSA case involving the Troy Law Firm, that "[c]ourts in this district typically award hourly rates ranging from $300 to $450 per hour for partners in cases such as this," $200 to $300 per hour for senior associates, and $100 to $200 per hour for junior associates), *report and recommendation adopted*, 2022 WL 903065 (E.D.N.Y. Mar. 28, 2022). In addition to typical billing rates, "case-specific factors like the novelty or complexity of the matter are appropriately considered in determining the reasonable hourly rate or hours billed." *Lilly v. City of New York*, 934 F.3d 222, 232 (2d Cir. 2019).

## II. Analysis

As set forth above, Plaintiff's counsel seeks $86,648.00 in attorney's fees, and expenses of $5,016.80, for a total of $91,664.80. (*See* Dec. 23, 2022 Invoice, ECF No. 66-1,

7

at 8–9.) In support of this request, Plaintiff's counsel has submitted billing records that document specific tasks performed, hours worked, and the hourly rates requested for attorneys and support staff. (*See id.*) The requested fee for counsel is based on an hourly billing rate of $650 for John Troy, except as to two entries that total five hours, for which Mr. Troy seeks $400 per hour. (*See id.* at 3 (detailing the 12/23/19 drafting of Plaintiff's document requests and interrogatories).) Counsel's motion also requests hourly rates of $400 for Aaron Schweitzer, $250 for Tiffany Troy, and $200 for Preethi Kilaru. (*See generally id.*) The billing records reflect that the attorneys and paralegal's total time spent on the action was 187.81 hours. (*Id.*) More specifically, according to the billing records, counsel seeks compensation for 187.64[4] attorney hours as follows: 71.09 hours billed by Mr. Troy at a rate of $650 per hour (totaling $46,208.50); 5 hours billed by Mr. Troy at a rate of $400 per hour (totaling $2,000); 73.07 hours billed by Mr. Schweitzer at a rate of $400 per hour (totaling $29,228); 30.31 hours billed by Ms. Troy at a rate of $250 per hour (totaling $7,577.50); plus 8.17 hours of clerk time billed by Ms. Kilaru at a rate of $200 per hour (totaling $1,634). (*Id.*)

In support of their application, the attorneys have submitted a declaration by Mr. Troy detailing the attorneys' professional experience. Since his admission to the New York State bar in 1989, Mr. Troy has specialized in employment litigation. (Troy Decl., ECF No. 62, at 4.) As Managing Attorney of Troy Law, Mr. Troy has served as the attorney of record for 176 wage and hour cases in the Eastern District of New York, 206

---

[4] This .17 disparity between the billing records and counsel's request for compensation is explained as follows. The total number of hours in the billing records for Ms. Kilaru is 8.34, but one .17 increment is listed on the billing records at an hourly rate of zero dollars per hour. Accordingly, counsel effectively seeks 8.17 hours of compensation for Ms. Kilaru's work, as reflected in Plaintiff's opening motion, resulting in a .17 discrepancy between the amount of time worked and the time for which counsel seeks compensation. (Dec. 23, 2022 Invoice, ECF No. 66-1, at 8.)

8

wage and hour cases in the Southern District of New York, and 40 wage and hour cases in other district courts. (*Id.* at 4–14.)

Managing Associate Aaron Schweitzer also specializes in wage and hour litigation. (*Id.* at 18.) Mr. Schweitzer was admitted to the New Jersey State bar in 2017 and the New York State bar in 2018. (*Id.* at 18.) Mr. Schweitzer has represented plaintiffs in 79 employment cases in the Southern District of New York, 83 cases in the Eastern District of New York, and 21 cases in other district courts. (*Id.* at 19–23.)

Associate Attorney Tiffany Troy was admitted to the New York State bar in 2021 and has practiced employment litigation for approximately one and a half years. (*See id.* at 25.) Ms. Troy has served as an attorney of record for 44 employment law cases in the Eastern District of New York, 35 cases in the Southern District of New York, and 5 cases in other districts. (*Id.* at 25–28.)

Managing Clerk Preethi Kilaru joined Troy Law in 2018, after obtaining an LLM from SMU Dedman School of Law. (*Id.* at 24.) Ms. Kilaru has worked on employment law cases in the Southern District of New York, the District of New Jersey, and New York State court. (*See id.*)

Having carefully reviewed the billing records, the history of the case, and the case filings, as well as the attachments to Plaintiff's motion, the Court finds that the requested attorney's fee is too high. Accordingly, for the following reasons, the Court reduces the award of fees as detailed below.

### A. Hourly Rates

As set forth above, the hourly rates for FLSA cases in this district typically range from $300 to $450 for partners, $200 to $300 for senior associates, $100 to $200 for junior associates, and $70 to $100 for support staff. *Bin Gao*, 2021 WL 1949275, at *17. The rates

9

counsel seek in this case are, accordingly, at the very high end or in excess of the typical rates awarded in FLSA cases.

Judges in this district have routinely reduced Troy Law Firm's requested hourly rates for being higher than what is commonly awarded. *See, e.g.*, *Xia Chen v. Marvel Food Servs. LLC*, No. 15-CV-6206 (JMA) (AYS), 2022 WL 4226098, at *5 (E.D.N.Y. Sept. 9, 2022) (finding that rates requested were "unsupported and higher than the rates commonly awarded to attorneys of their experience in FLSA cases"); *Won*, 2022 WL 903121, at *8 (collecting cases). As another court recently observed, "[a] treatise worth of case law has emerged about the rates and hours that Troy Law has requested. And courts have balked at the sort of rates requested . . . ." *Garcia v. Francis Gen. Constr. Inc.*, No. 20-CV-4323 (JPC), 2022 WL 2698434, at *7 (S.D.N.Y. July 12, 2022) (collecting cases).

As recently as last month, the Honorable Sanket J. Bulsara issued an opinion recommending a significant reduction to Troy Law Firm's requested hourly rates. *Zhongzhi Zang v. Daxi Sichuan, Inc.*, No. 18-CV-6910 (DG) (SJB), 2023 WL 2305934, at *3 (E.D.N.Y. Mar. 1, 2023). In *Zang*, the plaintiffs brought FLSA claims that did not pose "novel issues of law, complicated facts, or a multitude of parties" to support awarding a higher hourly rate. *Id.* at *4. Accordingly, the *Zang* court awarded hourly rates of $350 to Mr. Troy, $150 to Mr. Schweitzer, $100 to Ms. Troy, and $75 to Ms. Kilaru. *Id.* at *3.

Even in more complex cases, judges have recognized that Troy Law Firm's requested hourly rates are too high. *Lin v. Joe Japanese Buffet Rest. Inc.*, No. 17-CV-3435 (WFK) (CLP), 2022 WL 2718584, at *6 (E.D.N.Y. June 7, 2022), *report and recommendation adopted*, 2022 WL 2716487 (E.D.N.Y. July 13, 2022); *Sun v. Sushi Fussion Express, Inc.*, No. 16-CV-4840 (RPK) (LB), 2022 WL 2193441, at *2–3 (E.D.N.Y. June 17, 2022). In *Sushi Fussion Express*, Troy Law Firm represented plaintiffs in a collective FLSA action that proceeded to a jury trial. 2022 WL 2193441, at *2. There, counsel requested hourly wages

10

of $650 for Mr. Troy, $400 for Mr. Schweitzer, $200 for Ms. Troy, and $200 for Ms. Kilaru. *Id.* Notwithstanding the additional challenges of trying a case before a jury, the court awarded hourly rates within this district's standard range. *Id.* at *4. Specifically, it awarded hourly rates of $325 to Mr. Troy, $115 to Mr. Schweitzer, $100 to Ms. Troy, and $75 to Ms. Kilaru. *Id.*

Here, there is no compelling reason to deviate from the prevailing rates awarded in this district. Plaintiff did not encounter the procedural burdens of litigating a collective action, this was a straightforward one-plaintiff FLSA case, and it resolved by settlement rather than reaching trial. Accordingly, the Court awards $350 for Mr. Troy, $200 for Mr. Schweitzer, and $100 for Ms. Kilaru.

Ms. Troy's hourly rate requires special attention. She requested a $250 hourly rate for her work on this case between June 3, 2019, and November 14, 2022. (Troy Decl., ECF No. 62, at 29; Dec. 23, 2022 Invoice, ECF No. 66-1.) That rate already exceeds what the court typically awards for junior associates. Additionally, Ms. Troy was admitted to practice on June 24, 2021, but much of her work on this case preceded her date of admission. (*Compare* Troy Decl., ECF No. 62, at 25, *with* Dec. 23, 2022 Invoice, ECF No. 66-1.) Still, she requests the same $250 hourly fee for all hours worked on the case. (Dec. 23, 2022 Invoice, ECF No. 66-1, at 2–5.) For example, from June 3, 2019, to December 6, 2020, Ms. Troy completed administrative tasks such as copying documents and scheduling a mediation and deposition. (*Id*.) The Court declines to grant Ms. Troy an award at a junior attorney hourly rate for work completed before she was a licensed attorney. Accordingly, the Court awards Ms. Troy an hourly rate of $75 for time billed between June 3, 2019 and December 6, 2020. *See LG Cap. Funding, LLC v. 5Barz Int'l, Inc.*, No. 16-CV-2752 (KAM) (JO), 2019 WL 3082478, at *2 (E.D.N.Y. July 15, 2019) (reducing the hourly rate award from $250 to $85 for attorneys who billed time for work done as

11

unadmitted law clerks). For work completed after Ms. Troy was admitted to practice, beginning on August 15, 2021, the Court awards her an hourly rate of $150.

### B. Total Number of Hours

"When considering an application for attorneys' fees, the court should exclude 'excessive, redundant, or otherwise unnecessary' hours." *Rosen v. LJ Ross Assocs., Inc.*, No. 19-CV-5516 (ARR) (VMS), 2022 WL 493728, at *6 (E.D.N.Y. Jan. 24, 2022) (quoting *Hensley*, 461 U.S. at 434), *report and recommendation adopted*, 2022 WL 493274. Alternatively, "in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quotation marks and citation omitted); *see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA - ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (reiterating that a court may use a percentage reduction "as a practical means of trimming fat from a fee application" (quotation marks and citation omitted)); *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (remanding the case for reconsideration "because the recitation of reasons for accepting all of counsel's pre-verdict requests for fees suggests that the Magistrate Judge may have failed to critically examine these requests" but noting that "[w]e do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items"); *see also De La Paz v. Rubin & Rothman, LLC*, No. 11-CV-9625 (ER), 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013).

In determining a reasonable number of hours, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Courts "must make 'a

conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" *Hernandez v. Quality Blacktop Servs., Inc.*, No. 18-CV-4862 (RJD) (RML), 2021 WL 1413246, at *11 (E.D.N.Y. Mar. 10, 2021) (citation omitted) (quoting *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012)). At the same time, as the *Fisher* court observed, courts "'need not, and indeed should not, become green-eyeshade accountants'" when evaluating fee requests. *Fisher*, 948 F.3d at 601 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

Plaintiff's counsel request compensation for 187.64 hours of work, which of course raises the question of whether that represents a reasonable amount of time spent in this litigation. *Grant*, 973 F.2d at 99. It does not.

Courts agree with fee applicants' requests when the amount of hours billed is reasonable. *See Gonzales v. Trees R US Inc*, No. 14-CV-7487 (JMW), 2022 WL 3045714, at *2 (E.D.N.Y. Mar. 11, 2022). By way of example, in *Palaghita v. Alkor Capital Corp.*, the parties engaged in two rounds of motion practice, participated in mediation, and litigated FLSA claims for over two years. No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at *2–3 (E.D.N.Y. Aug. 20, 2021), *report and recommendation adopted*, 2021 WL 4463483 (E.D.N.Y. Sept. 29, 2021). There, the court found 50.6 hours to be a reasonable number of hours billed for the case and awarded the number of hours plaintiff requested. *Id*. at *13.

By contrast, when the number of hours billed is excessive, courts may make a blanket reduction. *Lilly*, 934 F.3d at 232. The Troy Law Firm has already been the subject of such reductions. In *Lu Wan v. YWL USA, Inc.*, the plaintiffs, who were represented by the Troy Law Firm, were denied a collective action certification in part, engaged in motion practice, and litigated FLSA claims for three years before settling on the eve of

13

trial. No. 18-CV-10334 (CS), 2021 WL 1905036, at *1–2 (S.D.N.Y. May 12, 2021). The court found that the billing records, which reflected a total of 144.93 hours of attorney and paralegal time, included excessive and unnecessary entries, and "trimmed" 40% of the total hours billed by John Troy and his colleagues. *Id*. at *6–7. Judge Cathy Seibel explained that "grossly excessive billing — to the point where fabrication cannot be ruled out," warranted a significant across the board reduction. *Id.*

Here, Defendants argue that the total number of hours billed is excessive and unreasonable for several reasons. First, Defendants argue that Mr. Troy has billed for non-legal tasks that could have been completed by a junior attorney. (Defs.' Mem., ECF No. 65, at 8–9.) Second, Defendants argue that, as a general matter, Plaintiff billed excessive hours. (*Id*. at 9.) For example, Defendants point to Mr. Troy's November 25, 2019 entry, where he billed "three hours for attending a Mediation that lasted one hour and ten minutes." (*Id*. at 10.)

Following a careful review of Plaintiff's billing records and considering all the factors, the Court concludes that the bill for this case has considerable "fat" to be trimmed because of excessive, duplicative, and vague entries. As explained in Mr. Troy's declaration, counsel specializes in wage and hour disputes. (*See* Troy Decl., ECF No. 62, at 4.) Notwithstanding this expertise, Mr. Troy and Mr. Schweitzer have billed, multiple times, for tasks typically handled by junior attorneys or support staff. (*See generally* Dec. 23, 2022 Invoice, ECF No. 66-1.) Tasks such as electronically filing documents, scheduling mediation services, and Bates-stamping document productions should have been delegated to junior staff. This failure to delegate warrants a fee reduction. *See also Jianmin Jin v. Shanghai Original, Inc.*, No. 16-CV-5633 (ARR) (JO), 2020 WL 4783399, at *8 (E.D.N.Y. Aug. 18, 2020) (reducing requested billable hours by 40%

14

because "John Troy frequently billed for tasks that should have been handled by a less-experienced lawyer or support staff").

Plaintiff's billing records are also replete with vague and duplicate entries. Some entries are so amorphous that the Court cannot infer what specific task counsel completed, e.g., "Confer with OC and File." (Dec. 23, 2022 Invoice, ECF No. 66-1, at 8.) In other instances, counsel's entries are not vague, but are instead verbatim duplicates, e.g., "Draft Joint Fairness Letter Motion; Email to OC," billed for 3.2 hours on July 27, 2022, twice. (*Id*. at 7.) Counsel also made duplicative billing entries for calculating Plaintiff's damages. On November 22, 2019, and May 16, 2022, counsel billed 1.10 hours for "Compile Damages Calculations," verbatim; counsel billed an additional 3.15 hours related to calculating damages between 2019 and 2022. (*Id*. at 1–3, 7.) If the above entries are not duplicative, 6.4 hours to draft the fairness letter and send it to opposing counsel is excessive, as is 5.35 hours to calculate and compile damages in this case. (*Id*.)

Additionally, some of Plaintiff's billing records appear to include inflated entries, such as the overbilled mediation session. Notably, Plaintiff did not respond to Defendants' claim that Mr. Troy overbilled for attending the mediation here by nearly two hours. A similar issue arose in *Lu Wan v. YWL USA Inc.*, where Mr. Troy likewise did not contest the defendant's claim that he overbilled a mediation by three hours. 2021 WL 1905036, at *6–7. Similarly, Ms. Troy billed 3 hours to "File Attny Fee Application" on November 14, 2022, which appears excessive given the other billing entries related to the preparation and filing of the attorney fee application. (Dec. 23, 2022 Invoice, ECF No. 66-1, at 8.) Finally, Mr. Troy billed 6.5 hours for "Draft Reply Memorandum of Law" and "Finish Drafting Reply Memorandum of Law" on December 23, 2022. (*Id*.) The Court is concerned with the significant amount of hours

billed to draft a concise reply brief, completed by the most senior and experienced attorney on this case.

These vague, duplicative, and inflated entries make up, in part, Plaintiff's request for 187.64 total billable hours, which itself is excessive. In comparison, the Troy Law Firm recently billed only 165.4 hours in a two-plaintiff FLSA case. In *Luk v. ABNS NY Inc.*, the parties litigated for three years, engaged in a court-annexed arbitration, and completed a two-day *de novo* bench trial. No. 18-CV-5170 (AMD) (RLM), 2021 WL 829417, at *1, 7 (E.D.N.Y. Feb. 9, 2021), *report and recommendation adopted sub nom. Ying Ying Dai v. ABNS NY Inc.*, 2021 WL 826014 (E.D.N.Y. Mar. 3, 2021). Here, Plaintiff's counsel billed 22.24 more hours than in *Luk*, despite this case not proceeding through an arbitration and trial, which warrant accumulating more billable hours.

The procedural history and timeline of this case is more like *Lu Wan*, where the Troy Law Firm billed a total of 144.93 hours. 2021 WL 1905036, at *8. There, plaintiffs were denied a collective action certification, engaged in motion practice, and ultimately settled after three years of litigation. *Id.* at *1. While the court identified numerous billing entries as excessive, "the precise number of unreasonable hours [was] difficult to quantify," so an overall reduction of 40% was appropriate. *Id.* at 7.

A blanket fee reduction is appropriate in this case as well. Given the Court's myriad concerns with Plaintiff's billing records, the Court finds an overall reduction of 35% to be appropriate. These deductions, coupled with a reduction of the hourly rates to the levels discussed above results in a total fee award of **$30,109.14**, as set forth below:

| Individual | Fees Requested | Hours Requested | Hourly Rate Requested | Reduced Hourly Rate | Fee at Reduced Rate | Fee Reduced 35% |
|---|---|---|---|---|---|---|
| John Troy | $46,208.50 $2,000 | 71.09 5 | $650 $400 | $350 | $26,631.50 | $17,310.48 |

16

| Individual | Fees Requested | Hours Requested | Hourly Rate Requested | Reduced Hourly Rate | Fee at Reduced Rate | Fee Reduced 35% |
|---|---|---|---|---|---|---|
| Aaron Schweitzer | $29,228 | 73.07 | $400 | $200 | $14,614 | $9,499.10 |
| Tiffany Troy (as attorney) | $6,620 | 26.48 | $250 | $150 | $3,972 | $2,581.80 |
| Tiffany Troy (as support staff) | $957.50 | 3.83 | $250 | $75 | $287.25 | $186.71 |
| Clerk Preethi Kilaru | $1,634 | 8.17 | $200 | $100 | $817 | $531.05 |
| Total | | | | | **$46,321.75** | **$30,109.14** |

### C. Costs

As noted above, in response to Plaintiff's motion, Defendants argued that Plaintiff's supporting documentation failed to properly demonstrate costs. (Defs.' Mem., ECF No. 65, at 16.) In reply, Plaintiff submitted a revised and updated bill, listing costs as $5,016.80, but also including some receipts. (Dec. 23, 2022 Invoice, ECF No. 66-1; Receipts, ECF No. 66-2.) Specifically, counsel provided receipts detailing costs in the amount of $3,010.40, broken down as follows: $400 for the filing fee; $300 to pay Plaintiff's half of the mediator's fee; $735.40 for deposition transcripts; and $1,575 in bills for interpretation services. (Receipts, ECF No. 66-2.) Defendants have not raised any specific objection to these costs following the provision of receipts, and "[t]hose expenses are routinely recoverable as litigation costs." *Hancock v. I.C. Sys., Inc.*, 592 F. Supp. 3d 250, 258 (S.D.N.Y. 2022). In the absence of documentation for the remainder of counsel's request, however, the request for costs totaling $5,016.80 is denied. Costs shall be awarded in the amount of **$3,010.40**. *See Fisher*, 948 F.3d at 600 (observing that the "fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs"); *see, e.g.*, *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 415 (S.D.N.Y. 2003) (awarding costs itemized by the attorneys, including the filing fee and service fees).

## CONCLUSION

The Supreme Court has noted that in fee shifting cases, "[t]he essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 838. For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is granted in part. Plaintiff's counsel is awarded **$30,109.14** in attorney's fees and **$3,010.40** in costs, for a total award of **$33,119.54.**

**SO ORDERED.**

Dated: Brooklyn, New York
       April 26, 2023

                                        *Taryn A. Merkl*
                                    TARYN A. MERKL
                                    UNITED STATES MAGISTRATE JUDGE